**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**GABINO CABRERA DE LEON**                           **CIVIL ACTION NO. 1:26-CV-00208**

**VERSUS**                                            **JUDGE TERRY A. DOUGHTY**

**BRIAN ACUNA, ET AL.**                               **MAGISTRATE JUDGE DAVID J. AYO**

**<u>MEMORANDUM ORDER</u>**

Before the court is a Motion for Order to Show Cause (Rec. Doc. 2) filed by Gabino Cabrera de

Leon ("Petitioner").  Petitioner is an immigration detainee at Winn Correctional Center seeking release

from detention. According to the petition, Petitioner is a native and citizen of Guatemala who entered

the United States in 2014.  He filed for asylum, was granted a work permit and social security card,

and has lived in the United States for the 11 years since his entry. He was detained by ICE officers on

October 28, 2025, following a traffic stop.  Petitioner filed an application for Cancellation of Removal

for Non-Permanent Residents. This application was denied by an immigration judge, and he was

ordered removed on January 7, 2026. He has filed his intent to appeal this decision.

Petitioner challenges the lawfulness of his continued immigration detention.  He therefore

seeks an order from this Court declaring his continued and prolonged detention unlawful and ordering

Respondents to release him forthwith from their custody. Petitioner asks the court to order the

Government to respond to the petition within three days or, alternatively, no more than 21 days,

pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall
> forthwith award the writ or issue an order directing the respondent to show cause why
> the writ should not be granted, unless it appears from the application that the
> applicant or person detained is not entitled thereto.

> The writ, or order to show cause shall be directed to the person having custody of the
> person detained. It shall be returned within three days unless for good cause additional
> time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under Sections 2241 and 2243, a court may "adjust the scope of [a] writ in

accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278

(2008). The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing §

2254 cases which are applicable to petitions filed under Section 2241. *See Maniar v. Warden Pine*

*Prairie Corr. Ctr.*, 2018 WL 4869383, (W.D. La. 2018)[1]; *See also Taylor v. Gusman*, 2020 WL 1848073

(E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion,

or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v.*

*Pratt,* 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (noting a court's discretion under Rule 4 "prevails"

over the strict time limits of Section 2243). Before requiring a response or holding a hearing, a court

may allow a respondent time to conduct a reasonable investigation. *See Baker v. Middlebrooks*, 2008

WL 938725 (N.D. Fla. 2008) (allowing 60 days to respond to a Section 2241 habeas petition); *Hickey v.*

*Adler*, 2008 WL 3835764 (E.D. Cal. 2008) (same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause is GRANTED

IN PART and DENIED IN PART.

Because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file

an answer to the petition (Rec. Doc. 1) within 21 days of the date of this Order.  Petitioner shall have

seven days to reply.  After the record is complete and delays have run, the court will determine if

genuine issues of material fact exist, which preclude summary judgment and necessitate an

evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without

further notice.

The Clerk of Court is **INSTRUCTED** that Shannon Smitherman with the U.S. Attorney's

Office is to be provided a copy of this Order via email and granted access to the Petition for Writ of

Habeas Corpus (Rec. Doc. 1) and the docket in this matter.

**THUS DONE AND SIGNED** in chambers this 29th day of January, 2026.

_____

David J. Ayo

United States Magistrate Judge

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 3835764, (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952  F.Supp. 348 (S.D.W. Va. 1997).